UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

UNITED STATES OF AMERICA,

    -against-

ERNESTO MORALES,
    also known as "Tito"
    and "Tito708"

               Defendant.
---------------------------------X

AMENDED FINAL
ORDER OF FORFEITURE

CR-04-0350 (FB)

**ORIGINAL**

WHEREAS, in the above-captioned Indictment (the "Indictment"), the United States of America sought forfeiture of certain property of the defendant ERNESTO MORALES, also known as "Tito" and "Tito708" (the "defendant"), pursuant to 18 U.S.C. § 2253, as property involved in distribution of child pornography, the offense set forth in Count One of the Indictment.

WHEREAS, on November 17, 2004, the defendant pleaded guilty to Count One of the Indictment charging a violation of 18 U.S.C. § 2252A(a)(1);

WHEREAS, by virtue of the defendant having pleaded guilty to Count One of the Indictment, the United States is now entitled to the entry of an order pursuant to 18 U.S.C. § 2253, 21 U.S.C. § 853, as incorporated in 18 U.S.C. § 2253, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure; and

WHEREAS, on February 23, 2006, the Court held a sentencing hearing at which the defendant was sentenced to a term of incarceration and was ordered to forfeit the hereinafter

described "Seized Property";

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The defendant ERNESTO MORALES, also known as "Tito" and "Tito708" consents to the immediate condemnation and forfeiture to the United States of America of the CRC Pentium computer, serial number 20011 and eighteen 3.5 inch floppy disks, seized from him ("the Seized Property") on March 17, 2004 at his residence, pursuant to 18 U.S.C. § 2253, as property involved in distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(1), the offense set forth in Count One of the Indictment to which the defendant pleaded guilty.

2. The defendant hereby agrees not to assert any claim or assist any other person to assert any claim to the Seized Property in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of the forfeiture allegations in the Indictment, and waives any and all defenses to the forfeiture described in this Order, including, but not limited to, defenses based on double jeopardy, ex post facto application of any applicable statute, and applicable statute of limitations, or the Excessive Fines Clause of the Eight Amendment. The Defendant also agrees that the forfeiture of the Seized Property shall not constitute payment of a fine.

3. Upon entry of this Order, the United States

Attorney General or his designee is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States Marshals Service shall publish notice of this Order, in accordance with custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the subject assets in such a manner as the Attorney General or his designee may direct.

5. Any person, other than the defendant, asserting a legal interest in the forfeited property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, must petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

6. The United States shall have clear title to the Seized Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

7. Any petition filed by a third-party asserting an interest in the forfeitable properties shall (i) be signed by the petitioner upon penalty of perjury; (ii) set forth the nature and

extent of the petitioner's right, title or interest in the forfeitable properties; and (iii) set forth any additional facts supporting the petitioner's claim and relief sought.

8. Pursuant to the Fed. R. Crim. P. 32.2(b)(3), this Amended Final Order of Forfeiture shall become final as to Defendant Ernesto Morales, also known as "Tito" and "Tito708," as entered in the Final Order of Forfeiture dated March 1, 2006. If no third party files a timely claim, this Amended Final Order of Forfeiture, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. This Order shall be final and binding only upon the Court's "so ordering" of the order.

10. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this Amended Final Order of Forfeiture to Assistant United States Attorney Elaine Banar, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
August 22, 2006

_____
HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE

Criminal Action No. CR-04-0350

UNITED STATES DISTRICT COURT
Eastern District of New York

UNITED STATES OF AMERICA,

Plaintiff,

- against -

ERNESTO MORALES,

Defendant.

## AMENDED FINAL ORDER OF FORFEITURE

ROSLYNN R. MAUSKOPF
United States Attorney,
Attorney for __Plaintiff__
Office and Post Office Address,
United States Attorney's Office
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201

Due service of a copy of the within _____ is hereby admitted.

Dated: _____, 20___

Attorney for
AUSA ELAINE BANAR (718) 254-6232

---

SIR:

PLEASE TAKE NOTICE that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the UNITED STATES DISTRICT COURT U.S. Courthouse, 225 Cadman Plaza East, EASTERN DISTRICT OF NEW YORK Brooklyn, New York, on the ____ day of _____, 20___, at 10:30 o'clock in the forenoon.

Dated: Brooklyn New York,

_____, 20___

United States Attorney,
Attorney for _____

To: _____

Attorney for _____

SIR:

PLEASE TAKE NOTICE that the within is a true copy of _____ duly entered herein on the ____ day of _____ in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York

_____, 20___

United States Attorney,
Attorney for _____

To: _____

Attorney for _____